IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OMNIREPS, LLC, ) | |
| ) | Case No. 1:23-cv-00868 |
| Plaintiff, ) | |
| v. ) | Judge Martha M. Pacold |
| ) | |
| CDW CORPORATION, *et al.*, ) | Magistrate Judge Jeannice W. Appenteng |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff's motion for phased discovery. Dkt. 65. For the reasons explained below, plaintiff's motion is denied and defendants' request for a stay, Dkt. 72, is granted in part.

## **Background**

Plaintiff filed a twelve-count second amended complaint against defendants. Dkt. 29. Defendants then filed two separate motions to dismiss. Defendants CDW Corp., John Coleman, Matt Troka, Byron Holden, and Tod Lichner filed the first motion to dismiss arguing that: (1) Counts 4, 5, 9, 11, and 12 should be dismissed for failure to state a claim, failure to properly plead under Rule 9 of the Federal Rules of Civil Procedure, and as barred by the statute of limitations; and (2) Count 2 should be dismissed for failure to state a claim based on the interpretation of a contract. Dkt. 42. Defendants Matt McCormick, Brent Loomis, James Patton, Cory Christie, Add-On Computer Peripherals, LLC, Halo Technology Group, Amphenol Corporation, and Inflexion Private Equity Partners, LLC filed the second motion to

dismiss arguing that: (1) Counts 1, 3–7, and 10–12 should be barred due to a broad release that plaintiff agreed to in a previously-entered settlement agreement; (2) Counts 3–7 and 10–12 should be time barred by the statute of limitations; (3) Count 10 should be dismissed for failure to properly plead under Rule 9 of the Federal Rules of Civil Procedure; and (4) all claims should be dismissed against Halo Technology Group and Inflexion Private Equity Partners, LLC for lack of personal jurisdiction. Dkt. 46. Defendants did not move to dismiss Count 8 for copyright infringement against Defendants Add-On Computer Peripherals, LLC, Matt McCormick, James Patton, Brent Loomis, Cory Christie, and Drew Murrie.[1]

The parties held their Rule 26(f) conference to discuss discovery on August 21, 2023, and October 2, 2023. While plaintiff communicated its desire to begin discovery on a phased basis, defendants expressed that they wanted to wait until after the District Judge ruled on their motions to dismiss before proceeding with discovery. Unable to reach an agreement, plaintiff filed the instant motion for phased discovery. Dkt. 65. In their response, defendants ask the Court to stay discovery. Dkt. 72.

For the reasons explained below, the Court denies plaintiff's motion for phased discovery and grants in part defendants' request to stay discovery.

---

[1] Additionally, plaintiff alleges Count 8 against Halo Technology Group and Inflexion Private Equity Partners, LLC, but these entities have moved to dismiss for lack of personal jurisdiction.

**Discussion**

Normally, the filing of a motion to dismiss "does not automatically stay discovery." *New Eng. Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *1 (N.D. Ill. Feb. 20, 2013); *see also Harper v. Cent. Wire, Inc.*, 19 CV 50287, 2020 WL 5230746, at *2 (N.D. Ill. Sept. 2, 2020) (recognizing that granting a stay when a dispositive motion is filed is the exception, not the rule). However, district courts have "broad discretion in managing discovery." *Calderon v. Procter & Gamble Co.*, No. 22-cv-3326, 2022 WL 20742696, at *1 (N.D. Ill. Oct. 6, 2022). In accordance with the Federal Rules, a court may, "for good cause," limit the scope of discovery and control its sequence to protect from "undue burden or expense." *See* Fed. R. Civ. P. 26(c)–(d); *see also Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *1 (N.D. Ill. Nov. 17, 2010).

In determining whether to grant a stay, a court may consider the following factors: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Vital Proteins, LLC v. Ancient Brands, LLC*, No. 22-cv-2265, 2023 WL 5671857, at *3 (N.D. Ill. Sept. 1, 2023). Courts also consider "the numerosity and substantiality of the bases for dismissal raised" when determining whether a stay is warranted. *Rao v. JPMorgan Chase Bank, N.A.*, No. 21 C 1361, 2021 WL 4927415, at *1 (N.D. Ill. May 12, 2021); *cf. Hayes v. Bd. of Educ. for City of Chi.*, No. 21 C 1198, 2021 WL 8153761, at *1 (N.D. Ill. Dec. 22, 2021) (the nature of issues

presented by a motion to dismiss is a consideration in determining whether to stay discovery). Courts in this circuit have found stays appropriate where motions to dismiss raise issues such as lack of jurisdiction, challenge whether the claims are within the statute of limitation, allege a failure to satisfy Rule 9(b), turn on a question of law, or where discovery may be especially burdensome and costly to the parties. *See Vital Proteins*, 2023 WL 5671857, at *3, 6 (Rule 9(b)); *Ogungemi v. Omnicare, Inc.*, No. 22-cv-00649-SEB-MKK, 2023 WL 2139834, at *2 (S.D. Ind. Feb. 17, 2023) (statute of limitations); *Rodriguez v. Ford Motor Co.*, No. 21 C 2553, 2022 WL 704780, at *2 (N.D. Ill. Mar. 9, 2022) (legal question); *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1532, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (jurisdiction and where discovery would be burdensome and costly).

Here, the factors weigh in favor of a partial stay, with discovery proceeding on Count 8 against defendants Add-On Computer Peripherals, LLC, Matt McCormick, James Patton, Brent Loomis, Cory Christie, and Drew Murrie. First, plaintiff does not assert it will suffer any prejudice if discovery is stayed, nor does the Court find that plaintiff would experience prejudice or be placed at a tactical disadvantage if discovery is stayed. A "mere delay in plaintiff's ability to proceed to discovery caused by the stay amounts to little, if any, prejudice." *Rao*, 2021 WL 4927415, at *1. Also, there is no indication here that "witnesses or documents . . . will be lost or no longer discoverable if discovery is stayed." *Rodriguez*, 2022 WL

704780, at *1.[2] This case is largely in its early stages,[3] the parties have not yet engaged in discovery, and no deterioration of evidence concerns have been raised. Also, permitting discovery to proceed on Count 8 in part weighs against any potential prejudice to plaintiff.

Second, given the number of the claims and the alleged bases for dismissal raised in defendants' motions (*e.g.*, jurisdiction, statute of limitations, interpretation of contract, and Rule 9), staying discovery "could simplify the issues in the case by waiting to see which issues remain after the motion [to dismiss] is decided." *Harper*, 2020 WL 5230746, at *2; *see also Rao*, 2021 WL 4927415, at *1. Further, defendants do not dispute that Count 8 will proceed regardless and suggest that if discovery is permitted to move forward, plaintiff should be limited to seeking discovery relevant to Count 8 only. *See* Dkt. 72 at 11, 12 n.6. The Court largely agrees.[4]

Third, plaintiff alleges twelve counts in its second amended complaint, and its motion for phased discovery contemplates a round of requests for production on all twelve counts "with no limit on the number of requests." Dkt. 65 at 2; 65-1 at 2.

---

[2] Additionally, parties have an obligation to preserve evidence material to the litigation. *See* Fed. R. Civ. P. 37; *Kucala Enters., Ltd. v. Auto Wax Co., Inc.*, No. 02 C 1403, 2003 WL 21230605, at *4 (N.D. Ill. May 27, 2003) ("Parties in litigation have a fundamental duty to preserve relevant evidence over which the non-preserving entity had control and reasonably knew or could reasonably foresee was material to a potential legal action.") (cleaned up).

[3] Although the lawsuit was filed February 13, 2023, Dkt. 1, plaintiff twice amended its complaint, and the parties did not engage in Rule 26(f) conferences until August 21, 2023, and October 2, 2023.

[4] Again, defendants Halo Technology Group and Inflexion Private Equity Partners, LLC have moved to dismiss for lack of personal jurisdiction. Because jurisdiction is a threshold issue, discovery is stayed against Halo Technology Group and Inflexion Private Equity Partners, LLC.

5

Responding and producing relevant documents to these potentially sweeping requests would likely be time-consuming and costly, in light of the posture of this case. Because the motions to dismiss may simplify or narrow the issues, a stay serves to preserve the parties' and the Court's resources. *See Vital Proteins*, 2023 WL 5671857, at *4 (finding that "responding to the discovery at issue would impose a significant burden . . . due to the sweeping nature of the requests" that may potentially be unnecessary and that "staying discovery would preserve the resources of the parties and the Court if [the] motion [to dismiss] proves successful"); *Aland v. U.S. Dep't of the Interior*, No. 22-cv-5821, 2022 WL 18027569, at *4 (N.D. Ill. Dec. 30, 2022) ("To avoid the cost and burden of potentially unnecessary discovery, courts frequently stay discovery pending a motion to dismiss the complaint 'where . . . discovery may be especially burdensome and costly to the parties.'") (quoting *DSM Desotech*, 2008 WL 4812440, at *2).

Last, the Court finds unpersuasive plaintiff's argument that staying discovery to some, but not all, defendants would not simplify the case and lead to "duplicate depositions, complicate discovery, and actually serve to frustrate the expeditious resolution of litigation." Dkt. 65 at 4 (citing *O'Conner v. Eden Mgmt., LLC*, No. 13 C 7391, 2014 WL 5761138, at *2 (N.D. Ill. Nov. 4, 2014)). If plaintiff is correct that Count 8 "will involve much of the same evidence as most other claims," *id.* at 5, then allowing discovery to proceed on Count 8 in part will only help expedite the case after the District Judge has ruled on the motions to dismiss.

6

Therefore, because Count 8 will proceed regardless of the District Judge's ruling on the motions to dismiss, a partial stay is in accord with the general rule that motions to dismiss do not stay discovery. This resolution also reduces the burden of litigation on the parties and the Court by waiting to see whether the other counts withstand dismissal.

## CONCLUSION

For the reasons stated above, plaintiff's motion for a phased discovery is denied, and defendants' request for a stay on discovery is granted in part. The parties shall proceed with discovery on Count 8 as against defendants Add-On Computer Peripherals, LLC, Matt McCormick, James Patton, Brent Loomis, Cory Christie, and Drew Murrie. By May 22, 2024, the parties shall meet and confer on how they anticipate proceeding with Count 8 discovery and file a joint status report setting forth a proposed discovery schedule consistent with this order.

**So Ordered.**

*Jeannice W. Appenteng*
**Jeannice W. Appenteng**
**United States Magistrate Judge**

Dated: 5/8/2024

7